■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN PAPERMAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 19, 1962 upon his plea of guilty, convicting him of criminally buying and receiving stolen property as a misdemeanor, and sentencing him to serve one year in the New York City Penitentiary. Defendant is at liberty on a certificate of reasonable doubt. Judgment modified on the law and on the facts to the extent of suspending the execution of

the sentence and placing the defendant on probation for a period of three years. As so modified, judgment affirmed. In our opinion, under all the circumstances here, the defendant, who is a first offender, is a proper subject for probation (cf. Penal Law, §§ 1308, 1937; Code Crim. Pro., § 933; *People v. Zuckerman*, 5 N Y 2d 401; *People ex rel. Goldberg* v. *Sheriff of Suffolk County*, 206 Misc. 820; *People* v. *Foote*, 144 Misc. 134; *People* v. *Silver*, 10 A D 2d 274). Hill, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Kleinfield, J., dissent and vote to affirm the judgment, with the following memorandum: On August 17, 1961 defendant was indicted for criminally buying and receiving stolen property as a felony, and for criminally concealing and withholding stolen and wrongfully acquired property, also as a felony. The subject matter of the theft was a trailer truck of considerable value. On May 14, 1962 the court exercised its discretion in accepting defendant's plea of guilty to criminally buying and receiving stolen property as a misdemeanor. On October 19, 1962 defendant was sentenced to one year in the penitentiary. Where (as here) the defendant has been charged with a felony and he has been given consideration by the acceptance of a plea of guilty to a misdemeanor, these facts, together with the facts disclosed by the Probation Department's presentence investigation report, demonstrate that in this case the sentence of one year in the penitentiary was a proper exercise of discretion on the part of the sentencing Judge and that such sentence should not be disturbed by an appellate court.